1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERNEST WRIGHT,

        Plaintiff,

  v.

JOHN CHIANG, in his individual capacity,
JOHN BROWNFIELD, in his individual
capacity, MATTHEW MIRANDA, in his
individual capacity, and DOES 1–XX,

        Defendants.

_____/

No. C 08-03134 WHA

**ORDER DENYING PLAINTIFF'S
MOTION TO OPPOSE
DEFENDANTS' MOTION
TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT**

**INTRODUCTION**

*Pro se* plaintiff Ernest Wright filed this action claiming civil rights violations related to

defendants' alleged discriminatory revocation of his re-appointment as a probate referee.

Defendants have moved to dismiss the amended complaint.  Plaintiff failed to file an opposition

brief, and after plaintiff was given additional chances to respond, defendants' motion was

granted as unopposed, but the entry of judgment was postponed for ten days to give plaintiff yet

another chance to respond.  Plaintiff subsequently submitted an opposition to defendants'

motion, which this order now interprets as a request to reconsider dismissal.  For the following

reasons, plaintiff's motion is **DENIED**.

**STATEMENT**

Plaintiff worked as a probate referee in Alameda County.  Referees are appointed by the

state controller to their position and work for a term of three years during their initial term.

1    After a referee's term ends, a referee is eligible for re-appointment.  Re-appointment, and

2    revocation of re-appointment, however, are within the discretion of the state controller.

3           Plaintiff's duty as a referee was to conduct appraisals of real and personal property.

4    During his term, after plaintiff had conducted an appraisal of a particular estate, the attorney

5    for that estate objected to plaintiff's valuation and even filed a complaint with the state

6    controller.  Plaintiff's valuation was reviewed and ultimately found supported by reliance on

7    documents used in the valuation.  The review found, however, that the correct judgment call in

8    plaintiff's situation would have been to accept the appraisal given by the attorney for the estate.

9    Plaintiff was warned that because of his high valuation, he might lose his re-appointment.

10   At the end of plaintiff's term, defendant John Chiang, the state controller, notified plaintiff that

11   he would not be re-appointed for an additional term pursuant to California Probate Code

12   Section 405, which gives the controller discretion to revoke the appointment of a person to act

13   as a probate referee.  Section 405 allegedly has rarely been used to revoke re-appointment.

14          Plaintiff, an African American, filed a complaint against defendants in their individual

15   capacities alleging that defendants violated his First and Fourteenth Amendment rights by not

16   re-appointing him as a referee on the basis of his race.  Defendants moved to dismiss plaintiff's

17   complaint and moved for a more definite statement, but plaintiff never filed an opposition to

18   defendants' motion.  Aware of plaintiff's untimeliness, the Court notified plaintiff that his

19   opposition brief was past due and ordered him to file an opposition brief.  Instead of complying

20   with the Court's order, plaintiff filed an amended complaint wherein he attempted to address

21   all the deficiencies in his complaint that defendants had pointed out in their motion to dismiss.

22   Defendants moved to dismiss the amended complaint, and a hearing was noticed for January 15,

23   2009.  According to Civil Local Rule 7-3, plaintiff was required to file an opposition to the

24   motion at least 21 days before the hearing, but plaintiff failed to do so.  Once again, the Court

25   notified plaintiff that his opposition brief was past due but permitted plaintiff to file the

26   opposition brief by January 9, 2009, giving plaintiff more than a two-week extension from the

27   date on which he was supposed to file his opposition brief.  The order also warned plaintiff that

28   if he failed to respond, defendants' motion may be granted as unopposed.  Because plaintiff

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1  failed to file an opposition brief, defendants' motion was granted.  Subsequently, plaintiff filed

2  the instant motion to oppose defendants' motion to dismiss his amended complaint.

3                                         **ANALYSIS**

4          Even accepting all of plaintiff's allegations as true, however, plaintiff is not entitled to

5  relief.  Each of plaintiff's claims will be addressed in turn.

6          **1.    SECTION 1983.**

7          Under Section 1983, plaintiff alleged that defendants violated his First and Fourteenth

8  Amendment rights when controller Chiang revoked plaintiff's re-appointment as a probate

9  referee.  As to defendants Brownfield and Miranda, the amended complaint was silent regarding

10  the First and Fourteenth Amendment claims.

11             **A.     First Amendment.**

12          The First Amendment protects expressions as well as beliefs, but it does not protect

13  a government employee's *speech* made pursuant to his official duties.  *Garcetti v. Ceballos*,

14  547 U.S. 410, 421–26 (2006).  Here, plaintiff alleges that defendants infringed his First

15  Amendment rights by suppressing his ability to provide future estate appraisals.  There are a

16  number of reasons why plaintiff's First Amendment claim must fail.  *First*, providing appraisals

17  was part of plaintiff's official duty as a probate referee, so his speech was not protected and

18  any suppression of that activity would not be actionable.  *Second*, even if such activity were

19  protected, the fact that plaintiff is no longer employed as a probate referee for Alameda County

20  does not support his contention that he can no longer appraise estates.  All that could possibly

21  be affected would be doing so through employment by Alameda County.  Plaintiff can appraise

22  estates working for other government agencies, private companies, or as a self-employed

23  individual.  Just as a public prosecutor is professionally restricted in what he or she can say in

24  court, a public appraiser is restricted in accordance with his or her professional limits.  There is

25  no First Amendment right to run roughshod over these limits.

26             **B.     Fourteenth Amendment.**

27          Plaintiff's Section 1983 claim for an Equal Protection violation is that Section 405

28  of the California Probate Code is unconstitutional on its face.  In order for a statute to be

United States District Court

For the Northern District of California

1   unconstitutional on its face, it must implicate either a suspect class or a fundamental right.

2   Where a statute implicates neither, it will be upheld so long as its enactment was reasonably

3   related to a legitimate government interest.  Where rational basis scrutiny is applied, plaintiff

4   bears the burden of establishing that the enactment of the statute was not reasonably related to

5   a legitimate government interest.  Section 405 of the California Probate Code states that "the

6   Controller may, at the Controller's pleasure, revoke the appointment of a person to act as a

7   probate referee."  The text of Section 405 does not make a distinction based upon a suspect

8   classification or infringe upon a fundamental right, so its constitutionality will be determined

9   under rational basis scrutiny.  Because plaintiff failed to plead any facts on this matter, his bare

10  allegation that Section 405 is unconstitutional is not sufficient to support his claim and,

11  therefore, fails.  No amendment could cure this.

12      Plaintiff's also alleges that defendant Chiang revoked his re-appointment as a probate

13  referee on the basis of plaintiff's  race.  To state a claim under Section 1983 for a violation

14  of the Equal Protection Clause based on a government official's alleged discriminatory act,

15  plaintiff must plead facts to show that the government official acted with an intent or purpose

16  to discriminate against plaintiff based upon his membership in a protected class.  A complaint,

17  however, may be dismissed under FRCP 12(b)(6) if there is an absence of a cognizable legal

18  theory or "the absence of facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica*

19  *Police Dept.,* 901 F.2d 696, 699, (9th Cir. 1990).

20      While plaintiff alleged that he belongs to a protected class, he failed to allege facts to

21  support his Fourteenth Amendment claim that defendants acted with discriminatory intent *in*

22  *his case.*  Plaintiff pled facts that either work against his claim or do nothing to support it.

23  The complaint asserts that after defendants received an objection to one of plaintiff's appraisals,

24  plaintiff was warned that he may lose his job on account of the high value he concluded in his

25  appraisal.  The only allegations whatsoever that plaintiff makes in the amended complaint

26  regarding defendants' conduct affecting the protected class are that *another* African American

27  appointed at the same time as plaintiff received a one-year re-appointment rather than a

28

**United States District Court**
For the Northern District of California

1   four-year re-appointment; that all other referees due for re-appointment "sailed right through";

2   that the use of Section 405 to revoke re-appointment was extremely rare; and that plaintiff's

3   re-appointment was revoked under Section 405 rather than Section 404, a provision which

4   allows the controller to revoke appointment based on non-compliance or performance

5   (Compl. ¶¶ 6, 10).  Any possible inference of discriminatory intent that may be present from

6   the one-year re-appointment rather than the four-year re-appointment of plaintiff's African

7   American co-worker does not pertain to plaintiff.  In order to satisfy the pleading requirement,

8   plaintiff has to plead facts to establish that defendants acted with discriminatory intent in

9   revoking his re-appointment and not that they may have acted with discriminatory intent in his

10   co-worker's re-appointment, if that even could be inferred from the circumstances.  The facts

11   as alleged, therefore, are not sufficient to support plaintiff's claim that defendants acted with

12   discriminatory intent when revoking his re-appointment.

13                                 **CONCLUSION**

14          Because plaintiff failed to allege sufficient facts to state a claim upon which relief can

15   be granted, this order will not reach any issue of qualified immunity.  Plaintiff has been given

16   numerous opportunities to state his claim for relief that in many other circumstances would not

17   have been granted to plaintiffs represented by counsel.  This Court feels it would not be in the

18   interests of justice to provide an additional opportunity to amend.  For the foregoing reasons,

19   plaintiff's motion is **DENIED** and the matter is **DISMISSED**.  Judgment will be entered.

20

21          **IT IS SO ORDERED.**

22

23   Dated:  February 20, 2009.

_____
24                                              WILLIAM ALSUP
                                              UNITED STATES DISTRICT JUDGE
25

26

27

28

5